IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

THOMAS OWENS,

      Plaintiff,

v.                                                              Case No. 23-212-JWB

EQUITY INSURANCE COMPANY,

      Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's motion for attorney's fees. (Doc. 76.) The motion is fully briefed and ripe for decision. (Docs. 80, 81.) The motion is GRANTED IN PART and DENIED IN PART for the reasons stated herein.

**I.    Facts and Procedural History**

This matter involved a contract dispute between diverse parties regarding insurance coverage for an automobile accident. Plaintiff obtained an automobile insurance policy from Defendant in September 2020. The policy was cancelled on January 16, 2021. On January 17, Plaintiff was in a car accident. The next day, Plaintiff's policy was rewritten by Defendant. Plaintiff then sought coverage for the accident. Defendant denied coverage. Plaintiff filed this action against Defendant asserting that it breached the policy and acted in bad faith by refusing to defend or indemnify Plaintiff. On July 31, the court granted summary judgment and entered judgment in favor of Defendant.

Defendant now moves for attorney's fees in accordance with Oklahoma law. (Doc. 76.) After the motion was filed, Plaintiff filed a notice of appeal. Plaintiff opposes the motion for fees on the basis that it is premature due to the appeal.

**II.     Analysis**

Defendant seeks to recover an award of attorney fees from Plaintiff in the amount of $26,230.32 pursuant to Okla. Stat. tit. 36 § 3629.  This statute requires an insurer "receiving a proof of loss, to submit a written offer of settlement or rejection of the claim to the insured within sixty (60) days of receipt of that proof of loss." Okla. Stat. tit. 36, § 3629(B).  Upon judgment, "costs and attorney fees shall be allowable to the prevailing party." *Id.*  Defendant insurer is the prevailing party "where judgment does not exceed the written offer of settlement." *Id.*

In response, Plaintiff argues that the motion is premature because he has filed an appeal. Plaintiff, however, does not dispute that Defendant has a right to seek fees under Oklahoma law based on this court's entry of judgment in favor of Defendant.

This court retains jurisdiction during an appeal to rule on a motion for attorneys' fees, as this issue is collateral to the issues on appeal.  *See Bell v. Bd. of Cnty. Comm'rs of Jefferson Cnty.*, 451 F.3d 1097, 1101 n.2 (10th Cir. 2006).  The committee comments to Federal Rule of Civil Procedure 54(d) indicate that in circumstances involving an appeal the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice.  *See* Fed. R. Civ. P. 54(d) advisory committee's note to 1993 amendments; *see also Hudson v. AIH Receivable Mgmt. Servs.*, No. 10-2287-JAR, 2012 WL 13026795, at *2 (D. Kan. Dec. 7, 2012) (citing cases).  The court will proceed to rule on the motion.

Upon review of the record, the court finds that Defendant has met the requirements for seeking attorney fees under § 3629(B) as Defendant is the prevailing party in this matter.  The court will now turn to the requested fees.

In Oklahoma, a reasonable attorney fee award is determined by utilizing the lodestar method, which multiplies the reasonable hours expended by the hourly rate of the involved

attorneys. *State ex rel. Burk v. City of Oklahoma City*, 598 P.2d 659, 660–61 (Okla. 1979). In evaluating the reasonableness of the fee request, the court is to consider "what attorney services were performed, which services were necessary, and the value of the necessary services, and what a reasonable fee for such services, if any, should be." *Darrow v. Spencer*, 581 P.2d 1309, 1314 (Okla. 1978).

Here, Defendant seeks a total fee award of $26,230.32. Defendant's billed hourly rate is $200. Plaintiff does not challenge the reasonableness of the hourly rate and, based on standards in the local legal community and the work performed in this case, the court finds the hourly rate is reasonable. Next, Defendant's motion does not set forth the total amount of hours for which defense counsel seeks reimbursement, but instead Defendant included the billing records as an exhibit. Those records reflect 126.6 hours for work on this matter. (Doc. 76-1.) The billing records submitted by defense counsel detail the amount of time spent on various tasks related to discovery and preparing the summary judgment motions. The billing records include time spent advising the client, revising drafts, and reviewing discovery. This matter was pending for more than 2 years prior to judgment being entered. The court concludes that the amount of time spent on these tasks set forth in the records is reasonable in light of the factual and legal issues in this case.

Based on the hourly rate of $200 and 126.6 hours, the court finds that Defendant is entitled to $25,320.00 in attorney's fees.[1]

### III. Conclusion

---

[1] Because Defendant's motion failed to identify the total number of hours billed, the court is unable to determine the reason for the discrepancy between the amount requested and the hours billed times $200. The court determined the number of hours by adding up all of the hours billed that were included in Exhibit 1 to Defendant's motion. (Doc. 76-1.)

3

Defendant's motion for attorney's fees (Doc. 76) is GRANTED IN PART and DENIED IN PART. Defendant is awarded attorney's fees in the amount of $25,320.00. An amended judgment will issue.

IT IS SO ORDERED. Dated this 11th day of September 2025.

__s/ John Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE